IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTELLAS US LLC, ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Astellas US LLC, Astellas Pharma US, Inc., and Astellas Pharma Inc. (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Actavis Elizabeth LLC ("Actavis"), hereby allege as follows:

**NATURE OF THE ACTION**

1. This action for patent infringement, brought pursuant to the patent laws of the United States, Title 35 of the U.S. Code, arises from Actavis's submission of Abbreviated New Drug Application ("ANDA") 206-115 to the United States Food and Drug Administration ("FDA"). Through this ANDA, Actavis seeks approval to market a generic version of the pharmaceutical product ASTAGRAF XL®, prior to the expiration of United States Patent Nos. 6,440,458 (the "'458 Patent"); 6,576,259 (the "'259 Patent"); 6,884,433 (the "'433 Patent"); and 8,551,522 (the "'522 Patent").

**THE PARTIES**

2. Plaintiff Astellas US LLC is a corporation organized and existing under the laws of Delaware with its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. Astellas US LLC is a subsidiary of Plaintiff Astellas Pharma Inc.

3. Plaintiff Astellas Pharma US, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 1 Astellas Way, Northbrook, Illinois 60062. Astellas Pharma US, Inc. is a subsidiary of Plaintiff Astellas Pharma Inc.

4. Plaintiff Astellas Pharma Inc. is a Japanese corporation having a principal place of business at 5-1, Nihonbashi-Honcho 2-Chome, Chuo-Ku, Tokyo 103-8411, Japan. Astellas Pharma Inc. was formed on April 1, 2005, from the merger of Yamanouchi Pharmaceutical Co., Ltd. and Fujisawa Pharmaceutical Co., Ltd.

5. Upon information and belief, Defendant Actavis is a Delaware limited liability company with its principal place of business at 200 Elmora Avenue, Elizabeth, NJ 07202.

6. Upon information and belief, Actavis is in the business of developing, manufacturing, marketing, distributing, and selling generic pharmaceutical products throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

7. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the U.S. Code, for infringement of the '458 Patent; the '259 Patent; the '433 Patent; and the '522 Patent.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant Actavis by virtue of its widespread and continuous contacts with the state of Delaware. Among other things, Actavis is a Delaware limited liability company registered with the Delaware Department of State, and Actavis maintains a registered agent for service of process in Delaware.

10. On information and belief, Actavis regularly does or solicits business in Delaware, engages in other persistent courses of conduct in Delaware, and derives substantial revenue from service or things used or consumed in Delaware.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

12. Actavis has consented to personal jurisdiction and venue in this Court for purposes of this action.

## THE APPROVED DRUG PRODUCT

13. Plaintiff Astellas Pharma US, Inc. is the current holder of New Drug Application ("NDA") No. 204096, for tacrolimus extended release capsules containing Eq. 0.5 mg Base, Eq. 1 mg Base, and Eq. 5 mg Base, which was first approved by FDA on July 19, 2013. Plaintiff Astellas Pharma US, Inc. markets the approved drug product under the trade name ASTAGRAF XL. ASTAGRAF XL is a calcineurin-inhibitor immunosuppressant indicated for the prophylaxis of organ rejection in patients receiving a kidney transplant.

14. FDA has listed the '458 Patent, '259 Patent, '433 Patent, and '522 Patent in the Orange Book—known formally as *Approved Drug Products with Therapeutic Equivalence Evaluations*—in connection with NDA No. 204096.

15. Plaintiff Astellas Pharma Inc. owns the '458 Patent, '259 Patent, '433 Patent, and '522 Patent. Astellas Pharma Inc. is the assignee listed on the '522 Patent, and Fujisawa Pharmaceuticals Co., Ltd., Astellas Pharma Inc.'s predecessor, is the assignee listed on the '458 Patent, '259 Patent, and '433 Patent. Plaintiff Astellas US LLC is the exclusive licensee under the '458 Patent, '259 Patent, '433 Patent, and '522 Patent, to manufacture, sell, or offer to sell tacrolimus extended release capsules.

## DEFENDANT ACTAVIS'S ANDA NO. 206115

16.     Upon information and belief, Actavis has submitted to FDA ANDA No. 206115 with, among other things, a Paragraph IV certification to the '458 Patent, '259 Patent, '433 Patent, and '522 Patent under section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), for Tacrolimus Extended-Release Capsules, 0.5 mg, 1 mg, and 5 mg, which are purportedly bioequivalent to ASTAGRAF XL. The purpose of the ANDA is to obtain approval under section 505(j) of the FDCA to engage in the commercial manufacture and sale of a generic ASTAGRAF XL product.

17.     Upon information and belief, the indication set forth in the proposed labeling submitted in ANDA No. 206115 for Actavis's generic ASTAGRAF XL product is the prophylaxis of organ rejection in patients receiving a kidney transplant, *i.e.*, the same indication as that set forth in the approved labeling for ASTAGRAF XL.

18.     Upon information and belief, Actavis sent Plaintiffs Astellas Pharma US, Inc. and Astellas Pharma Inc. a letter dated August 19, 2014 (the "Notice Letter"). The Notice Letter represented that Actavis had submitted to FDA ANDA No. 206115 with a Paragraph IV certification for the '458 Patent, '259 Patent, '433 Patent, and '522 Patent.

19.     Upon information and belief, the purpose of the ANDA and Paragraph IV certifications is to obtain approval under section 505(j) of the FDCA to engage in the commercial manufacture and sale of a generic version of ASTAGRAF XL before the expiration of the patents listed in the Orange Book for NDA No. 204096. Hence, Actavis's purpose in submitting ANDA No. 206115 is to market products described therein before expiration of the '458 Patent, '259 Patent, '433 Patent, and '522 Patent.

## COUNT I: INFRINGEMENT OF THE '458 PATENT BY ACTAVIS

20. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 19 above.

21. The '458 Patent, entitled "SUSTAINED RELEASE PREPARATIONS," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2002. Plaintiff Astellas Pharma Inc. owns the '458 Patent. Plaintiff Astellas US LLC is the exclusive licensees of the '458 Patent. A true and correct copy of the '458 Patent is attached hereto as Exhibit A.

22. Upon information and belief, Defendant Actavis submitted ANDA No. 206115 to FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of ASTAGRAF XL before the expiration of the '458 Patent.

23. Actavis's manufacture, use, offer for sale, or sale of such product would infringe the claims of the '458 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

24. Upon information and belief, if approved, the generic ASTAGRAF XL product for which approval is sought in Actavis's ANDA No. 206115 will be administered to human patients for the prophylaxis of organ rejection in patients receiving a kidney transplant, which administration would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '458 Patent. Upon information and belief, this infringement will occur at Actavis's behest, with its intent, knowledge, and encouragement, and Actavis will actively induce, encourage, aid, and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '458 Patent.

25. Actavis's manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic ASTAGRAF XL product for which approval is

sought in ANDA No. 206115 would actively induce and contribute to infringement of the '458 Patent, and Actavis would be liable as an infringer under 35 U.S.C. § 271(b) and/or (c).

26. Upon information and belief, as part of the ANDA filing, Actavis purportedly provided written certification to FDA that the claims of the '458 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Actavis's generic version of ASTAGRAF XL.

27. Upon information and belief, by letter dated August 19, 2014, Actavis gave written notice of its certification of invalidity and/or non-infringement of the '458 Patent, alleging that all claims of the '458 Patent are invalid and that no claim would be infringed by Actavis's generic version of ASTAGRAF XL, and informing Plaintiffs that Actavis seeks approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to ASTAGRAF XL prior to the expiration of the '458 Patent.

28. Actavis has infringed the '458 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 206115 with a Paragraph IV certification and seeking FDA approval of ANDA No. 206115 to market a generic version of ASTAGRAF XL prior to the expiration of the '458 Patent. Moreover, if Actavis commercially uses, offers for sale, or sells its generic version of ASTAGRAF XL, or induces or contributes to such conduct, it would further infringe the '458 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

29. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

30. Plaintiffs will be irreparably harmed if Actavis is not enjoined from infringing or actively inducing or contributing to infringement of the '458 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT II: INFRINGEMENT OF THE '259 PATENT BY ACTAVIS

31. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 30 above.

32. The '259 Patent, entitled "SUSTAINED RELEASE FORMULATIONS CONTAINING TACROLIMUS," was duly and legally issued by the United States Patent and Trademark Office on June 10, 2003. Plaintiff Astellas Pharma Inc. owns the '259 Patent. Plaintiff Astellas US LLC is the exclusive licensees of the '259 Patent. A true and correct copy of the '259 Patent is attached hereto as Exhibit B.

33. Upon information and belief, Defendant Actavis submitted ANDA No. 206115 to FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of ASTAGRAF XL before the expiration of the '259 Patent.

34. Actavis's manufacture, use, offer for sale, or sale of such product would infringe the claims of the '259 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

35. Upon information and belief, if approved, the generic ASTAGRAF XL product for which approval is sought in Actavis's ANDA No. 206115 will be administered to human patients for the prophylaxis of organ rejection in patients receiving a kidney transplant, which administration would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '259 Patent. Upon information and belief, this infringement will occur at Actavis's behest, with its intent, knowledge, and encouragement, and Actavis will actively induce, encourage, aid, and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '259 Patent.

36. Actavis's manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic ASTAGRAF XL product for which approval is

sought in ANDA No. 206115 would actively induce and contribute to infringement of the '259 Patent, and Actavis would be liable as an infringer under 35 U.S.C. § 271(b) and/or (c).

37. Upon information and belief, as part of the ANDA filing, Actavis purportedly provided written certification to FDA that the claims of the '259 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Actavis's generic version of ASTAGRAF XL.

38. Upon information and belief, by letter dated August 19, 2014, Actavis gave written notice of its certification of invalidity and/or non-infringement of the '259 Patent, alleging that all claims of the '259 Patent are invalid and that no claim would be infringed by Actavis's generic version of ASTAGRAF XL, and informing Plaintiffs that Actavis seeks approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to ASTAGRAF XL prior to the expiration of the '259 Patent.

39. Actavis has infringed the '259 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 206115 with a Paragraph IV certification and seeking FDA approval of ANDA No. 206115 to market a generic version of ASTAGRAF XL prior to the expiration of the '259 Patent. Moreover, if Actavis commercially uses, offers for sale, or sells its generic version of ASTAGRAF XL, or induces or contributes to such conduct, it would further infringe the '259 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

40. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

41. Plaintiffs will be irreparably harmed if Actavis is not enjoined from infringing or actively inducing or contributing to infringement of the '259 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT III: INFRINGEMENT OF THE '433 PATENT BY ACTAVIS

42. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 41 above.

43. The '433 Patent, entitled "SUSTAINED RELEASE FORMULATIONS CONTAINING TACROLIMUS," was duly and legally issued by the United States Patent and Trademark Office on April 26, 2005. Plaintiff Astellas Pharma Inc. owns the '433 Patent. Plaintiff Astellas US LLC is the exclusive licensees of the '433 Patent. A true and correct copy of the '433 Patent is attached hereto as Exhibit C.

44. Upon information and belief, Defendant Actavis submitted ANDA No. 206115 to FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of ASTAGRAF XL before the expiration of the '433 Patent.

45. Actavis's manufacture, use, offer for sale, or sale of such product would infringe the claims of the '433 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

46. Upon information and belief, if approved, the generic ASTAGRAF XL product for which approval is sought in Actavis's ANDA No. 206115 will be administered to human patients for the prophylaxis of organ rejection in patients receiving a kidney transplant, which administration would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '433 Patent. Upon information and belief, this infringement will occur at Actavis's behest, with its intent, knowledge, and encouragement, and Actavis will actively induce, encourage, aid, and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '433 Patent.

47. Actavis's manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic ASTAGRAF XL product for which approval is

sought in ANDA No. 206115 would actively induce and contribute to infringement of the '433 Patent, and Actavis would be liable as an infringer under 35 U.S.C. § 271(b) and/or (c).

48. Upon information and belief, as part of the ANDA filing, Actavis purportedly provided written certification to FDA that the claims of the '433 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Actavis's generic version of ASTAGRAF XL.

49. Upon information and belief, by letter dated August 19, 2014, Actavis gave written notice of its certification of invalidity and/or non-infringement of the '433 Patent, alleging that all claims of the '433 Patent are invalid and that no claim would be infringed by Actavis's generic version of ASTAGRAF XL, and informing Plaintiffs that Actavis seeks approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to ASTAGRAF XL prior to the expiration of the '433 Patent.

50. Actavis has infringed the '433 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 206115 with a Paragraph IV certification and seeking FDA approval of ANDA No. 206115 to market a generic version of ASTAGRAF XL prior to the expiration of the '433 Patent. Moreover, if Actavis commercially uses, offers for sale, or sells its generic version of ASTAGRAF XL, or induces or contributes to such conduct, it would further infringe the '433 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

51. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

52. Plaintiffs will be irreparably harmed if Actavis is not enjoined from infringing or actively inducing or contributing to infringement of the '433 Patent. Plaintiffs do not have an adequate remedy at law.

## COUNT IV: INFRINGEMENT OF THE '522 PATENT BY ACTAVIS

53. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 to 52 above.

54. The '522 Patent, entitled "SUSTAINED-RELEASE FORMULATION," was duly and legally issued by the United States Patent and Trademark Office on October 8, 2013. Plaintiff Astellas Pharma Inc. owns the '522 Patent. Plaintiff Astellas US LLC is the exclusive licensees of the '522 Patent. A true and correct copy of the '433 Patent is attached hereto as Exhibit D.

55. Upon information and belief, Defendant Actavis submitted ANDA No. 206115 to FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and sale of a generic version of ASTAGRAF XL before the expiration of the '522 Patent.

56. Actavis's manufacture, use, offer for sale, or sale of such product would infringe the claims of the '522 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

57. Upon information and belief, if approved, the generic ASTAGRAF XL product for which approval is sought in Actavis's ANDA No. 206115 will be administered to human patients for the prophylaxis of organ rejection in patients receiving a kidney transplant, which administration would constitute direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the '522 Patent. Upon information and belief, this infringement will occur at Actavis's behest, with its intent, knowledge, and encouragement, and Actavis will actively induce, encourage, aid, and abet this administration with knowledge that it is in contravention of Plaintiffs' rights under the '522 Patent.

58. Actavis's manufacture, use, offer for sale, or sale in the United States, or importation into the United States, of the generic ASTAGRAF XL product for which approval is

sought in ANDA No. 206115 would actively induce and contribute to infringement of the '522 Patent, and Actavis would be liable as an infringer under 35 U.S.C. § 271(b) and/or (c).

59. Upon information and belief, as part of the ANDA filing, Actavis purportedly provided written certification to FDA that the claims of the '522 Patent are invalid and/or will not be infringed by the manufacture, use, or sale of Actavis's generic version of ASTAGRAF XL.

60. Upon information and belief, by letter dated August 19, 2014, Actavis gave written notice of its certification of invalidity and/or non-infringement of the '522 Patent, alleging that all claims of the '522 Patent are invalid and that no claim would be infringed by Actavis's generic version of ASTAGRAF XL, and informing Plaintiffs that Actavis seeks approval to engage in the commercial manufacture, use, and sale of a product bioequivalent to ASTAGRAF XL prior to the expiration of the '522 Patent.

61. Actavis has infringed the '522 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA No. 206115 with a Paragraph IV certification and seeking FDA approval of ANDA No. 206115 to market a generic version of ASTAGRAF XL prior to the expiration of the '522 Patent. Moreover, if Actavis commercially uses, offers for sale, or sells its generic version of ASTAGRAF XL, or induces or contributes to such conduct, it would further infringe the '522 Patent under 35 U.S.C. § 271(a), (b), and/or (c).

62. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

63. Plaintiffs will be irreparably harmed if Actavis is not enjoined from infringing or actively inducing or contributing to infringement of the '522 Patent. Plaintiffs do not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek the following relief:

A. A judgment that Defendant Actavis, through its submission of ANDA No. 206115 to FDA seeking to market the product described therein, has infringed the '458 Patent, '259 Patent, '433 Patent, and '522 Patent under 35 U.S.C. § 271(e)(2)(A);

B. An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Actavis's ANDA No. 206-115 is not earlier than the expiration date of the '458 Patent, '259 Patent, '433 Patent, and '522 Patent; or any later expiration of exclusivity for the '458 Patent, '259 Patent, '433 Patent, and '522 Patent to which Plaintiffs are or become entitled;

C. A permanent injunction restraining and enjoining Defendant Actavis and its officers, agents, servants, employees, parents, subsidiaries, divisions, affiliates, and those persons in active concert or participation with any of them, from making, using, selling, offering to sell, or importing any product that infringes the '458 Patent, '259 Patent, '433 Patent, and '522 Patent, including the product described in ANDA No. 206-115;

D. A judgment declaring that making, using, selling, offering to sell, or importing the product described in ANDA No. 206115, or inducing or contributing to such conduct, would constitute infringement of the '458 Patent, '259 Patent, '433 Patent, and '522 Patent by Actavis pursuant to 35 U.S.C. § 271(a), (b), (c), and (g);

E. A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

F. An award of their costs and expenses in this action; and

G. Such further and other relief as this Court determines to be just and proper.

                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

George F. Pappas
Kevin B. Collins
Enrique D. Longton
Michael A. Chajon
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6000

September 29, 2014